IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GLORIA S. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 15-2313-SHM-dkv |
| | ) |
| CITY OF MEMPHIS, | ) |
| | ) |
| Defendant. | ) |

---

### ORDER

---

On May 11, 2015, Gloria S. Jackson ("Jackson" or "Plaintiff") filed a pro se Complaint against the City of Memphis ("Memphis" or "Defendant"). She seeks relief for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"). (Compl., ECF No. 1.)

Before the Court are the Magistrate Judge's May 22, 2015 Report and Recommendation recommending that the Complaint be dismissed sua sponte for failure to state a claim (the "R&R") and Jackson's June 3, 2015 Objection to the R&R (the "Objection"). (R&R, ECF No. 5; Obj., ECF No. 6.)

For the following reasons, the Objection is OVERRULED, the R&R is ADOPTED, and the Complaint is DISMISSED.

**I.   Background**

The Court assumes familiarity with the factual and procedural background of this case, which the R&R sets forth in detail. (R&R.) Unless otherwise stated, the Court adopts the R&R's defined terms.

**II.  Jurisdiction**

Jackson alleges violation of Title VII. The Court has federal question jurisdiction over the claim under 28 U.S.C. § 1331. See 28 U.S.C. § 1331.

**III. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to Magistrate Judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—"any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140,

150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Zimmerman v. Cason, 354 F. App'x 228, 230 (6th Cir. 2009) (internal quotation marks omitted). "A plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of contention does not satisfy the requirement that an objection was filed at all." Harper v. U.S. Dept. of Justice, No. 2:14-cv-02998-JTF-cgc, 2015 WL 4078425 at *1 (W.D. Tenn. July 6, 2015) (citing Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

**IV. Analysis**

The Magistrate Judge recommends that the Complaint be dismissed sua sponte for failure to state a claim because the action is time-barred under 42 U.S.C. § 2000e-5(f)(1). (R&R, ECF No. 5 at 1.) The Complaint alleges that Jackson received a Notice of the Right to Sue from the EEOC in 2010. (Compl., ECF No. 1 at ¶ 14.) An employee seeking relief under Title VII must file her civil action within ninety days of receiving a Notice of the Right to Sue. 42 U.S.C. § 2000e-5(f)(1). This action was filed on May 11, 2015. (Compl., ECF No. 1.) The time

3

limitation is subject to waiver, estoppel, and equitable tolling. <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 393 (1982). The Magistrate Judge concluded that there was no basis for extending the time limitation in this case. (R&R, ECF No. 5 at 11.)

Jackson has not filed any specific objections to the Magistrate Judge's findings or conclusions. Jackson generally objects to the R&R, arguing that "[n]ot all of the issues which you addressed in your 'Report and recommendation for SUA Sponte Dismissal' were relevant to this case." (Response, ECF No. 6 at 1.) She argues that the case is not a Title VII case, but a "regular lawsuit." (<u>Id.</u>) She now requests relief of $40,000,000.00. (<u>Id.</u>)

Attached to the Objection are a letter from the EEOC Office in Memphis affirming that a Notice of Right to Sue the City of Memphis was issued to Jackson in 2010, a copy of Jackson's fingerprints, and an FBI Criminal Background Investigation Report. (Objection, ECF Nos. 6-1;6-2;6-3.) None of those documents is or supports a specific objection to the Magistrate Judge's conclusion that the Complaint was not timely filed. The EEOC Letter appears to support that conclusion.

## V. Conclusion

Jackson's objections are general. The documents provided are not specific objections pursuant to Rule 72(b). The Court

should and does adopt the findings and rulings of the Magistrate Judge. The Objection is OVERRULED, the R&R is ADOPTED, and the Complaint is DISMISSED.

So ordered this 13th day of November, 2015.

                                              s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE